UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIANA IRINIA S.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security, [1]<br><br>　　　　　　　　　Defendant. | Case No.:   3:23-cv-01846-AHG<br><br>**ORDER GRANTING JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>**[ECF No. 10]** |

Before the Court is the parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and Costs Pursuant to 28 U.S.C. § 1920.[2] ECF No. 10. For the reasons set forth below, the

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. Although Plaintiff originally brought this action against former Acting Commissioner Kilolo Kijakazi, this case may properly proceed against Martin O'Malley pursuant to 42 U.S.C. § 405(g).

[2] Although the joint motion is styled as a motion seeking both attorney fees under the EAJA and costs under 28 U.S.C. § 1920, the parties request "no costs" be awarded. *See* ECF No. 10 at 1. The Court therefore does not address the request for "costs" in its discussion.

1 | Court **GRANTS** the parties' joint motion.

## I. BACKGROUND

The underlying action involves Plaintiff's appeal of the Social Security Administration's denial of her application for disability insurance benefits at the agency level. ECF No. 1. The parties consented to proceed before the undersigned Magistrate Judge on October 13, 2023. ECF No. 5. On November 30, 2023, the parties filed a joint motion for voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 8. The same day, the Court granted the joint motion, remanded the case to the Commissioner of Social Security for further administrative proceedings, and entered a final judgment reversing the final decision of the Commissioner. ECF No. 9. A Clerk's Judgment was entered the following day on December 1, 2023. ECF No. 10.

On February 26, 2024, the parties filed the instant motion. ECF No. 10. The parties jointly request that Plaintiff's counsel receive compensation for 5.4 hours of work at $244.62 per hour, and that Plaintiff's counsel's paralegals receive compensation for 1.6 hours of work at $160.00 per hour, for a total discounted fee request of $1,500.00.[3] ECF No. 10 at 1.

## II. THRESHOLD ISSUE OF TIMELINESS

According to the EAJA, an application for fees must be filed "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). A final judgment is "a judgment that is final and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G). The Ninth Circuit has held that the EAJA's 30-day filing period does not begin to run until after the 60-day appeal period in Federal Rule of Appellate Procedure 4(a).[4] *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 612

---

[3] According to Plaintiff's counsel's billing records, attorney Steven Rosales billed a total of $1,320.95 and the firm's paralegals billed a total of $256.00, for a total sum of $1,576.95. ECF No. 10-1. However, the parties request a slightly discounted amount of $1,500.00 in the joint motion. ECF No. 10 at 1.

[4] Federal Rule of Appellate Procedure 4(a) provides that a "notice of appeal may be filed

(9th Cir. 2007).

Here, the parties filed the motion for EAJA fees on February 26, 2024, 87 days after final judgment was entered on December 1, 2023. Therefore, the Court finds the joint motion is timely.

### III. DISCUSSION

Under the EAJA, a litigant is entitled to attorney fees and costs if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005). The Court will address these elements in turn.

#### A. Prevailing party

A plaintiff is a prevailing party if she "has 'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Ulugalu v. Berryhill*, No. 17cv1087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993)). Here, Plaintiff is the prevailing party because this case was remanded pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 13. *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) ("A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees."); *Ulugalu*, 2018 WL 2012330, at *2 (in a case where the parties jointly stipulated to remand, "because the Court granted the Commissioner's proposed order for remand and entered judgment in favor of Plaintiff pursuant to sentence four, Plaintiff is a prevailing party").

#### B. Substantial justification

The government bears the burden of proving that its position, both in the underlying

---

by any party within 60 days after entry of the judgment or order appealed from" if one of the parties is the United States or a United States officer sued in an official capacity. Fed. R. App. P. 4(a)(1)(B).

administrative proceedings and in the subsequent litigation, was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Here, the parties have stipulated to the EAJA amount, and explain that the stipulation "constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees[.]" ECF No. 10 at 2. Although Defendant's stipulation does not constitute an admission of liability on its part, the compromise nature of the request is sufficient to find the second element met, given that "Defendant has stipulated to the attorney[] fees and does not argue that the prevailing party's position was substantially unjustified." *Krebs v. Berryhill*, 16cv3096-JLS-BGS, 2018 WL 3064346, at *2 (S.D. Cal. June 21, 2018); *see also Black v. Berryhill*, No. 18cv1673-JM-LL, 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2019) (finding the second element met because, "in light of the joint nature of the parties' request and the court's prior order remanding this action, the government has not shown that its position was substantially justified."). Furthermore, "[b]ecause the Commissioner filed a voluntary stipulation for remand and the matter was referred to an Administrative Law Judge to make a new determination as to Plaintiff's disability, the Court is persuaded the Commissioner did not have substantial justification for denying Plaintiff disability rights." *Ulugalu*, 2018 WL 2012330, at *3.

### C. Reasonableness of Hours

The parties seek a fee award for 5.4 hours billed by Plaintiff's counsel and 1.6 hours billed by Plaintiff's counsel's paralegals, for a total of 7 hours. ECF No. 10-1. The Court finds the number of hours billed by Plaintiff's counsel and paralegals reasonable. *See* 28 U.S.C. § 2412(d); *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009); *see also Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012) (reiterating the Ninth Circuit's previous position that "'lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees' because 'the payoff is too uncertain.' [] As a result, courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'") (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112–13 (9th Cir. 2008)). Indeed, the number of hours billed is quite modest compared to the typical range seen in social security appeals. *See, e.g.*,

*Costa*, 690 F.3d at 1136 (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases"); *Rogers v. Astrue*, No. 1:09-CV-02158-JLT, 2010 WL 4569058, at *6 (E.D. Cal. Nov. 3, 2010) (finding 9.6 hours billed by an attorney and 2.5 hours billed by a paralegal to be reasonable in a case where, as here, the Commissioner voluntarily remanded a social security appeal pursuant to sentence four of 42 U.S.C. § 405(g)).

### D. Reasonableness of Hourly Rate

The EAJA provides that the Court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit's hourly EAJA rate for work performed in 2023, factoring in increases in the cost of living, was $244.62. *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Mar. 19, 2024). There is not yet a published statutory rate for work performed in 2024, but, consistent with the Ninth Circuit's guidance, counsel properly used the 2023 rate of $244.62 for work done in 2024 in his billing records. *See id.* (instructing attorneys to "use the rate that is posted for the previous period" if no rate is posted for the period in which the attorney's work was performed). *See also* ECF No. 10-1. Since counsel used the Ninth Circuit's applicable statutory maximum rate under the EAJA, the Court finds the hourly rates billed by counsel are reasonable. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA provides for an upward adjustment of the $125 rate contained in the statute, based on cost-of-living increases") (citing 28 U.S.C. § 2412(d)(2)(A)); *see, e.g.*, *Black*, 2019 WL 2436393, at *1 (considering the Ninth Circuit's hourly EAJA rate a reasonable rate).

The Court also finds the $160 hourly rate billed by the paralegals at Plaintiff's

counsel's firm to be reasonable. Courts may consider the *United States Consumer Law Attorney Fee Survey Report* to determine the appropriate market rate for paralegals in a given area. *See, e.g.*, *Ulugalu*, 2018 WL 2012330, at *4; *Rosemary G. V. v. Saul*, No. 3:19-CV-00715-RBM, 2020 WL 6703123, at *5 (S.D. Cal. Nov. 12, 2020). According to the most recent available report from 2017-2018, the average paralegal billing rate in San Diego was $147 at that time. *See United States Consumer Law Attorney Fee Survey Report 2017-2018*, available at https://burdgelaw.com/wp-content/uploads/2021/11/US-Consumer-Law-Attorney-Fee-Survey-Report-w-Table-of-Cases-091119.pdf (last visited Mar. 19, 2024). Accounting for inflation over the past five years, the Court finds that a $160 hourly rate for a paralegal in the San Diego area for work performed in 2023 is reasonable.

### E. Assignment of Rights to Counsel

The parties jointly request that "[f]ees shall be made payable to [Plaintiff], but if the Department of the Treasury determines that [Plaintiff] does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Law Offices of Lawrence D. Rohlfing, pursuant to the assignment executed by [Plaintiff]." ECF No. 10 at 2; *see also* ECF No. 10-2 ¶ 4 (representation agreement signed by Plaintiff stating that the attorney shall seek compensation under the EAJA, that the EAJA fees shall credit to the client for fees otherwise payable for the work, and Plaintiff "shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney.").

The Supreme Court has held that "a § 2412(d) fee award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010). Nonetheless, "district courts have recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018 WL 2012330, at *4–*5 (reviewing Plaintiff's assignment agreement and ordering that the EAJA fees be paid to plaintiff's

counsel, subject to any administrative offset due to outstanding federal debt); *see also Calderon v. Astrue*, No. 08cv1015-GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 21, 2010) ("Plaintiff, as the prevailing litigant, would normally be awarded the fees described above, subject to any offset for applicable government debts. Defendant, however, seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt . . . . This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset").

Here, Plaintiff assigned her right to EAJA fees to her attorney. ECF No. 10-1 ¶ 4. Accordingly, if Plaintiff has no federal debt that is subject to offset, the award of fees may be paid directly to Law Offices of Lawrence D. Rohfling pursuant to the assignment agreement.

## IV.  CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that:

1. The parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d) and Costs Pursuant to 28 U.S.C. § 1920 (ECF No. 10) is **GRANTED**;

2. Plaintiff is awarded attorney fees under the EAJA in the amount of $1,500.00; and

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

**IT IS SO ORDERED.**

Dated: March 19, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge